Opinion by
Arnold, J,
In this workmen’s compensation case Elizabeth Cairgle, on September 2, 1948, filed a claim as the dependent widow of James Cairgle, whose death resulted from occupational disease. In that claim she made no reference to any children under the age of 18.
The claimant and James Cairgle had separated in 1932, after which she lived in adultery with Robert Owens (as factually found by the compensation authorities) ; and three more children were born. By her they *623 were named and registered at public school as Harry Owens, Jo Marie Oivens and Eaney Mae Owens. All were under the age of 18 at the time of Cairgle’s death.
Not only did Mrs. Cairgle take Owens as her paramour, but Cairgle took a mistress into his house, who lived with him under the name of Estelle Cairgle and was publicly held out as his wife.
Elizabeth Cairgle testified before the referee to the foregoing facts. She then testified that while living with Owens she visited her husband and had intercourse with him each week. This testimony was disputed by Cairgle’s mistress.
Subsequently an amendment was sought to claim compensation for the three children named Owens. The referee, without allowing the amendment, held that that matter was determined by the facts shown at the hearing on the widow’s petition. He disallowed compensation on the ground that claimant was not living with nor dependent upon the deceased, and refused to find that James Cairgle was the father of the children named Owens. The board considered fully this latter question,[1] affirmed the referee’s findings and amended findings of fact, and refused an award to these children. The County Court of Allegheny County affirmed the board in an able opinion by Judge Lencher, and this appeal followed.
The burden was on the widow to establish to the satisfaction of the trier of the facts that she was either living with the deceased or dependent upon him; and since there was no capricious disregard of evidence, the board cannot be reversed: Kline v. Kiehl et al., 157 Pa. Superior Ct. 392, 43 A. 2d 616; Kostello v. Kostello, 159 Pa. Superior Ct. 194, 48 A. 8d 25. In addition, the weight of the evidence was clearly with the defendant.
*624 On the right of the children to compensation, the evidence established that they were begotten while the mother was living in adultery with Owens in his house.
The question of the presumption of legitimacy has been the subject of much discussion in the books, and the old rule was that the presumption stood until the negative proposition of non-access had been absolutely proved. The modern rule is that “The presumption only stands until met Avith such evidence as makes it appear clearly and to the satisfaction of the fact finding body that sexual intercourse did not take place between the husband and wife at any time when he could have been the father of the . . . children.”: Dulsky v. Susquehanna Collieries Co., 116 Pa. Superior Ct. 520, 177 A. 60. The rule in the Dulslcy case folloAVs Judge Cardozo’S opinion, In re Findlay, 253 N. Y. 1, 170 N. E. 471, in the course of which that learned jurist stated that the presumption is “yet subject to the sway of reason,” and held, as Avas held in the Dulslcy case, that, while the presumption was strong, it Avas not conclusive.
Actually the present case does not involve the matter of non-access of the husband, and for present purposes the widow’s version can be taken to be true. Here a woman had regular sexual intercourse with her husband and with her paramour. Under such circumstances there is no way to determine the paternity. In legalized polygamy the presumption may readily be applied that the husband is the father of the children of any of the plural wives. But if there was legalized polyandry it would, of course, be impossible to tell which husband sired the child, and there could be no presumption as to any one of them.
Appellant contends that the claimant-mother was incompetent to testify as to non-access of her husband. But the wife’s testimony was that the husband did have access. There is, of course, the Avell-knoAvn rule that *625 neither spouse is competent- to testify to the husband’s non-access. But the cases are clear that the incompetency is only as to proof of non-access, and the wife is competent to testify, as here, to her adultery: Commonwealth v. Shepherd, 6 Binney 283; Easley v. Commonwealth, 8 Sadler 230; Commonwealth v. Gantz, 128 Pa. Superior Ct. 97, 193 A. 72; Commonwealth v. Atherton, 129 Pa. Superior Ct. 64, 194 A. 779; Commonwealth v. Barone, 164 Pa. Superior Ct. 73, 63 A. 2d 132.
Order affirmed.

 The board’s consideration, was as though the amendment had been allowed.