## Commonwealth *v.* Becker, Appellant.

Argued September 25, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

70

*Leland W. Walker,* for appellant.

*Frank A. Orban, Jr.,* District Attorney, for appellee.

Opinion by Gunther, J., November 22, 1950:

George Becker, appellant, convicted by a jury of fornication and bastardy with Gloria Layton, prosecutrix, a married woman, complains that the Commonwealth failed to produce sufficient competent evidence of nonaccess of the husband of the prosecutrix to rebut the presumption of legitimacy; and that the court below erred in submitting the question of nonaccess to the jury.

There was a clear showing that the prosecutrix was the wife of John Layton who was in full life and from whom she has not been divorced. In such circumstances, the burden was upon the Commonwealth to rebut, by witnesses other than the prosecutrix, the presumption of legitimacy by sufficient competent proof to sustain a finding beyond a reasonable doubt of nonaccess by her husband during the period the child had been begotten. To meet that burden, the Commonwealth produced testimony which established that the husband of the prosecutrix had entered the military service of the United States in February, 1947; that he had never returned to the home where the prosecutrix resided

from that date until the date of trial, to wit, February 13, 1950, or a period of three years. The mother of prosecutrix testified that prosecutrix lived with her for the past three years on a farm in Jenner Township; that prosecutrix had been with the witness practically all of that time; that prosecutrix had not been away from the home except for occasional evening visits; that prosecutrix was in their home all the time since March, 1947; that from March of 1947 to the time of trial John Layton had never come back to their home or been in that community. The father of prosecutrix corroborated the testimony of his wife in all material respects. The brother of prosecutrix testified that he lives approximately one hundred feet from the home of his parents in Jenner Township; that his sister, the prosecutrix, lived there for the past three years; that since March, 1947, until the present time, John Layton, husband of the prosecutrix, had never come back to prosecutrix's home or been in that community.

Appellant's complaint that the Commonwealth's evidence is insufficient in quantity and quality as to nonaccess by the prosecutrix's husband during the time the child was conceived is without merit. This Court has recently passed upon this very question. In *Commonwealth v. Barone*, 164 Pa. Superior Ct. 73, 75, 76, 63 A. 2d 132, the Court said: "Appellant contends that the Commonwealth's evidence did not exclude absolutely the possibility of access by the prosecutrix's husband during the period the children were conceived. This, of course, the Commonwealth was not required to do. Commonwealth's burden was to prove beyond reasonable doubt such facts as would justify the jury in concluding that the husband of the prosecutrix could not in the course of nature have been the father of the children. The negative proposition of nonaccess need not be absolutely proven. Legitimacy is not to be sustained 'by a sacrifice of probabilities in a futile quest

for certainty.' Common sense and reason are not to be shattered in order to uphold the presumption of legitimacy . . . . Countervailing evidence may rebut the presumption of legitimacy of a child born of a married woman although the possibility of access by the husband 'is not susceptible of exclusion to the point of utter demonstration': In re Findlay, 253 N. Y. 1, 170 N. E. 471; Commonwealth v. Levandowski, 134 Pa. Superior Ct. 477, 481, 4 A. 2d 201; Commonwealth v. Gantz, 128 Pa. Superior Ct. 97, 193 A. 72; Commonwealth v. Atherton, 129 Pa. Superior Ct. 64, 194 A. 779. Cf. Dulsky v. Susquehanna Collieries Co., 116 Pa. Superior Ct. 520, 177 A. 60." The testimony above recited was sufficient in quantity and quality to permit a jury to determine the fact of nonaccess of the husband at or about the time of conception. The court, therefore, did not err in submitting that question to the jury. Cf. *Commonwealth v. Shepherd,* 6 Binney 283; *Bastards,* 7 Am. Jur. §47, pp. 657, 658.

Appellant complains that the court below should have disqualified prosecutrix from testifying as to the criminal connection with defendant. There was no error in permitting her to so testify. *Commonwealth v. Barone,* supra. She, of course, was not competent to testify to nonaccess by her husband and no attempt was made to have her do so; her testimony was properly restricted to her alleged criminal intercourse with appellant. *Commonwealth v. Gantz,* 128 Pa. Superior Ct. 97, 193 A. 72; *Commonwealth v. Atherton,* 129 Pa. Superior Ct. 64, 194 A. 779. Cf. *Commonwealth v. DiMatteo,* 124 Pa. Superior Ct. 277, 188 A. 425; *Dennison v. Page,* 29 Pa. 420, 423 : 7 *Wigmore on Evidence* §2063.

The judgment of the court below is affirmed and defendant is directed to appear in the court below at such time as he may be there called, that he may by that court be committed until he has complied with its

sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.