## Commonwealth *v.* Shavinsky, Appellant.

Argued November 9, 1953. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*David S. Palkovitz,* with him *Robert Palkovitz* and *Jack Palkovitz,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., December 29, 1953:

The only question presented in this appeal is the meaning of the expression "born out of lawful wedlock" as contained in Sec. 732 of The Penal Code of June 24, 1939, P. L. 872, 18 PS 4732.

The section reads as follows: "Section 732. Neglect To Support Bastard.—Whoever, being a parent, wilfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth, is guilty of a misdemeanor."

The appellant was convicted of violating this section.

He subsequently filed a motion for a new trial and a motion in arrest of judgment. The motion for a new trial was granted on the ground that the prosecutrix was permitted, over objection of defendant's counsel, to present incompetent testimony as to "nonaccess" by her husband during the period of conception and birth of the children; but the motion in arrest of judgment was denied, from which denial this appeal was taken.

It is his contention that the children found by the jury to be his were not "born out of lawful wedlock" because at the time of their birth their mother was married to another man. He argues that "a 'child born out of wedlock' means a child born while its mother is an unmarried woman." He cites no case which holds that a child is born within lawful wedlock when its mother is married to one other than the proven father of the child, and we have been able to find no such case.

A "child born out of lawful wedlock" as used in the above section means a child born when his father and mother were not lawfully wed *to each other*.

Although not specifically discussing the question here raised, this Court has held on at least four occasions that a father could be convicted of wilfully neglecting or refusing to contribute reasonably to the support and maintenance of a child born out of lawful wedlock even though the mother of the child was lawfully married to another at the time the child was conceived or born.

In each case the judge was aware that the mother of the children in question was married, for the issues raised in all these cases depended upon the marriage of the mother.

In each case the judge in passing upon the evidence which could be presented under such circumstances made reference to the fact that the mother of the children was married.

In *Commonwealth v. Gantz,* 128 Pa. Superior Ct. 97, 99, 193 A. 72, 73 (1937) Judge CUNNINGHAM said: "The Commonwealth was permitted to show by their mother that at the time of the birth of each child she was the wife of one James A. Hooven." Again, in *Commonwealth v. Levandowski,* 134 Pa. Superior Ct. 477, 479, 4 A. 2d 201, 202 (1938) he said: "It was conceded

by the Commonwealth that Mary Nowak was a married woman when the child was begotten."

Judge FINE in *Commonwealth v. Barone,* 164 Pa. Superior Ct. 73, 74, 63 A. 2d 132, 133 (1949) said: "When the three children in question were conceived, her husband was alive and no divorce had been secured by either spouse."

In *Commonwealth v. Boyer,* 168 Pa. Superior Ct. 16, 18, 76 A. 2d 230, 231 (1950) Judge DITHRICH said: "Prosecutrix testified that she was married to one other than defendant at the time of the child's conception; . . ."

It is difficult to believe that in all these cases the Court did not realize it was holding that a child born to a woman married to one other than the father was a child born out of lawful wedlock.

Judgment affirmed.