## Commonwealth *v.* Cicerchia, Appellant.

Argued September 27, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Fredric R. Gallagher,* for appellant.

*Jonathan C. Valentine,* First Assistant District Attorney, with him *Louis G. Feldmann,* District Attorney, and *Joseph J. Gale,* Assistant District Attorney, for appellee.

OPINION BY ROSS, J., January 14, 1955:

This is a prosecution for fornication and bastardy. The defendant, Geno Cicerchia, waived a jury trial and was tried and convicted before a judge of the Court of Quarter Sessions for Luzerne County. Motions in arrest of judgment and for a new trial were overruled by the court below and defendant was sentenced to pay the costs of prosecution, lying in expenses, and to make periodic payments for support of the child. From the judgment of sentence this appeal was taken.

The prosecutrix was a married woman. The trial judge properly considered her incompetent to prove nonaccess by the husband. Her testimony was limited to the circumstances and time of the alleged criminal connection and the birth of a child as the result thereof. Prosecutrix testified that she "went steady" with the defendant for about two years, ending in December of 1953. During that period prosecutrix had sexual relations with the defendant "Usually on weekends". She testified that she had sexual relations with Cicerchia on or about June 15, 1953, and that as a result of that coition a female child was born to her on March 7, 1954. On cross-examination prosecutrix was asked if she established the date of coition "by figuring

backwards from the birth of the child", to which question she replied, "No, by the end of my period in June, right after my period in June I was with him [defendant]."

To prove nonaccess by the husband of the prosecutrix, the Commonwealth showed that the husband was arrested on May 4, 1953, at which time he was committed to the Columbia County Jail where he remained until October 12, 1953, when he was taken to Eastern State Penitentiary to begin serving a sentence imposed on that date.

Defendant neither testified nor called any witnesses.

The Commonwealth concedes, as it must, that where, as here, the prosecutrix is a married woman, the burden was upon it to rebut the presumption of legitimacy by sufficient competent proof to sustain a finding, beyond a reasonable doubt, that the husband did not have access to her during the period within which the child must have been begotten. *Commonwealth v. Barone*, 164 Pa. Superior Ct. 73, 63 A. 2d 132; *Commonwealth v. Levandowski*, 134 Pa. Superior Ct. 477, 4 A. 2d 201; *Commonwealth v. Atherton*, 129 Pa. Superior Ct. 64, 194 A. 779; *Commonwealth v. Di Matteo*, 124 Pa. Superior Ct. 277, 188 A. 425. The question, then, is whether in the instant case the Commonwealth met this burden by proof that the husband of the prosecutrix did not have access to her for 307 days prior to the birth of the child. We are agreed that the question must be answered in the affirmative.

*Commonwealth v. Young*, 163 Pa. Superior Ct. 279, 60 A. 2d 836, relied upon by appellant is a prolific source of information with respect to pregnancy. We learn from the authorities cited therein that the *normal* period of gestation is 275 to 282 days from the end of the last menses, or 270 from a single coition. There

are, however, according to works on medical jurisprudence, "authenticated instances" where the periods of gestation were well over 300 days. However those periods are possibilities not probabilities.

Thus from "medical jurisprudence" it would appear that the husband of the prosecutrix in the case at bar cannot be eliminated as the *possible* father of the child. However, such circumstance is not fatal to the Commonwealth's case. The Commonwealth was not required to exclude *absolutely* the *possibility* of access by the husband. *Commonwealth v. Boyer*, 168 Pa. Superior Ct. 16, 76 A. 2d 230. *Cairgle v. American Radiator Corp., etc.*, 366 Pa. 249, 77 A. 2d 439. In *Commonwealth v. Levandowski*, 134 Pa. Superior Ct. 477, supra, this Court stated at page 481: "In the colorful language of Mr. Justice CARDOZO (*In re Findlay*, 253 N. Y. 1, 170 N.E. 471), the 'rule of the four seas' was 'exploded' two centuries ago. The modern rule, as there stated by him, is that 'countervailing evidence may shatter the presumption [of legitimacy] though the possibility of access is not susceptible of exclusion to the point of utter demonstration.' Legitimacy is not to be sustained 'by a sacrifice of probabilities in a futile quest for certainty.'" And further on page 481 we stated: "Here, the *possibilities* are with appellant but the *probabilities* are all against him. When the evidence closed the trial judge was not bound to 'sacrifice' the latter 'in a futile quest for certainty.'"

Here, because there are recorded instances of greatly protracted pregnancy the *possibilities* are with the defendant. The *probabilities* are, however, against him.

Judgment of sentence affirmed.