Commonwealth *v.* McMillen, Appellant.

Argued April 11, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*W. Davis Graham,* with him *Robert E. Pryde,* for appellant.

*Robert E. Ashe,* District Attorney of Armstrong County, for appellee.

OPINION BY HIRT, J., July 21, 1955:

The defendant was convicted of fornication and bastardy. He has appealed from the judgment of sen-

tence imposed, after the refusal of a new trial. The prosecutrix, Dorothy Bowser, a married woman, had lived with her husband in Natrona, Allegheny County. They became estranged and separated in July 1952 when she, with their ten-year-old son, went to live with her mother and stepfather, Frank Delp, in a rural section of Armstrong County. Shortly after the separation she began keeping company with the defendant. He was an enlisted man in the United States Navy and was stationed for the most part at Norfolk, Virginia. He was on leave from his ship from November 8th to November 12, 1952. He admitted sexual intercourse with Dorothy Bowser during the period of this leave. The child was born on August 20, 1953. Prior to that date he wrote a number of letters protesting his affection for her and his letter of March 16, 1953, particularly, contained the thought of marriage. He was arrested on the present charges in the bedroom of the prosecutrix in the early morning of November 17, 1953, where he had been in her company for about three hours. Admitting fornication, the appellant contends that the charge of bastardy was not established under the law when applied to the facts in this case; he asserts that non-access of the husband of Dorothy Bowser was not sufficiently proven.

Upon a clear showing that the prosecutrix was a married woman the legitimacy of the child was presumed and the burden was on the Commonwealth to rebut the presumption of legitimacy by competent proof sufficient to sustain a finding, beyond all reasonable doubt, of non-access of the husband during the period in which the child must have been begotten. *Com. v. DiMatteo,* 124 Pa. Superior Ct. 277, 188 A. 425. Historically the presumption of legitimacy was "one of the strongest and most persuasive known to the law" but under the modern rule " 'countervailing evi-

dence may shatter the presumption [of legitimacy] though the possibility of access is not susceptible of exclusion to the point of utter demonstration.' See, In re Findlay, 253 N.Y. 1, 170 N.E. 471": *Commonwealth v. Gantz,* 128 Pa. Superior Ct. 97, 193 A. 72.

After the separation, the husband, Clarence Bowser, established his residence in Armstrong County. The place where he lived was about thirty miles from the Delp home. The Delp household where prosecutrix made her home consisted of her mother, her stepfather and her sister. Frank Delp was away from home during the hours of his employment. But if Clarence Bowser had visited his wife, her mother and her sister under the evidence in this case, would have known of it. The testimony of these witnesses is that he came to the home on only three occasions and on each of them his single purpose was to see his son. His only visit during the possible period of conception was during the day at Christmastime in 1952. He came with presents for his son and spent about one hour with the boy, and at no time was he alone with the prosecutrix. These witnesses were credible and their testimony, accepted by the jury under adequate instructions, was sufficient both in quality and quantity to rebut the presumption of access beyond all reasonable doubt.

Judgment of sentence affirmed.