Commonwealth *v.* Carrasquilla, Appellant.

Argued September 14, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*William Cohen,* for appellant.

*Juanita Kidd Stout,* Assistant District Attorney, with her *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 11, 1959:

Redimes Carrasquilla was indicted under Section 732 of The Penal Code on a charge of neglect to support a child born out of lawful wedlock. Act of June 24, 1939, P. L. 872, 18 P.S. 4732. The jury returned a verdict of guilty. Carrasquilla filed motions in arrest of judgment and for a new trial. These motions were denied by the court below, sentence was imposed, and this appeal followed.

The prosecutrix, Ophelia Clark, testified that she had married one John Clark, on June 22, 1947; that she and her husband were separated; that appellant had lived with her from December 1953 until October

1954; and that she was delivered of a female child on February 5, 1955. When the child was conceived the husband was alive, and no divorce had been secured. The pivotal issue on this appeal is whether the Commonwealth adduced sufficient evidence to rebut the presumption of legitimacy by showing beyond a reasonable doubt that the husband did not have access to the prosecutrix during the period of conception.

"The presumption of legitimacy is one of the strongest known to the law. It stands until met with evidence which makes it clearly appear that the husband cannot be the father of the child . . . So strongly does the policy of the law favor legitimacy that neither husband nor wife may testify as to non access": *Commonwealth v. O'Brien,* 182 Pa. Superior Ct. 584, 128 A. 2d 164, affirmed 390 Pa. 551, 136 A. 2d 451. While non-access need not be proven absolutely, *Commonwealth v. DiMatteo,* 124 Pa. Superior Ct. 277, 188 A. 425, it was said in *Thorn Estate,* 353 Pa. 603, 46 A. 2d 258, that the evidence to overcome the presumption of legitimacy must be "clear, direct, satisfactory and irrefragable".

Viewing the evidence in the light most advantageous to the Commonwealth, *Commonwealth v. Nestor,* 183 Pa. Superior Ct. 350, 132 A. 2d 369, we are clearly of the opinion that it falls short of showing non-access beyond a reasonable doubt. Mary Chavis, a neighbor, testified that she visited the Clark home once or twice a week during the months of April, May and June, 1954, usually in the afternoon, and that she never saw the husband but did see appellant. Benjamin Williams, an uncle of the prosecutrix, also testified that he made visits to the Clark home during the months in question and never saw the husband but did see appellant. This was the extent of the testimony as to non-access. The Commonwealth relies principally on *Commonwealth v. Levandowski,* 134 Pa. Superior Ct.

477, 4 A. 2d 201, but the proof of non-access in that case was far stronger than that appearing in the present record. The quantity of proof in the case at bar more closely resembles that in *Commonwealth v. Atherton,* 129 Pa. Superior Ct. 64, 194 A. 779, in which Judge CUNNINGHAM said: "It is too plain for argument that the law will not permit the presumption of legitimacy to be overthrown and a child bastardized by such evidence".

It is also contended by the Commonwealth that a purported statement by appellant admitting paternity was properly received in evidence on the theory that it corroborated the testimony as to non-access. However, an admission of paternity is not admissible without competent proof of non-access: *Commonwealth v. Kerr,* 150 Pa. Superior Ct. 598, 29 A. 2d 340. Since the proof of non-access in the instant case did not meet the required standard, the alleged acknowledgment of paternity was inadmissible.

Judgment reversed, and appellant discharged.