Opinion by
 

 Wrigi-it, J.,
 

 Daniel Fletcher was indicted by the Grand Jury of Philadelphia County on a charge of fornication and bastardy under Section 506 of The Penal Code. Act of June 24, 1939, P. L. 872, 18 P.S. 4506. The case involves the birth on October 3, 1961, of twin sons to Ann Barldvitch, and her assertion that Fletcher was father of the children. Following the entry of a plea of not guilty, the case was heard without a jury by Judge Benjamin W. Schwartz, who found the defendant guilty. Motions for a new trial and in arrest of judgment were denied, sentence was imposed, and this appeal ensued.
 

 Ann Barkivitch and Frank Aita were married sometime in 1958, and separated after living together for a comparatively short period. The exact dates do not appear in the record. The husband subsequently instituted a divorce action in Bucks County, and the final decree in that proceeding was entered on February 16, 1961. During the year 1960, the wife began keeping company with Fletcher. They engaged in acts of intercourse regularly and repeatedly through the fall of 1960 and spring of 1961. The wife stated that she did
 
 *67
 
 not have relations with any other man daring that time, and farther testified as follows: “Q. When did you first miss your period with the twins, Dennis Michael and David Wayne? A. In February, beginning of March”. Before the wife gave her testimony, four witnesses testified as to nonaccess by the husband. Fletcher did not take the stand or offer any evidence.
 

 The sole issue on this appeal is the sufficiency of the evidence of nonaccess. Peter Barkivitch, Ann’s father, testified that Ann lived in his home in Philadelphia, and that Aita lived in Bristol. The witness stated that he had not seen Aita for a considerable period of time before Ann commenced dating Fletcher. More specifically, he testified that he had not seen Aita during the fall of 1960 or the spring of 1961. Helen Zeigler, Ann’s sister, testified that she saw Ann almost every day during the possible period of conception, and that she did not see Aita during that time. Mary Hand, Ann’s aunt, testified that she visited Ann regularly several times a week, and that she did not see Aita during the possible period of conception. Dorothy Solazzo, Ann’s cousin, gave similar testimony. In finding Fletcher guilty, the court below stated: “While the evidence of nonaccess furnished by the relatives of the prosecutrix does not of itself meet the requirements of overcoming the presumption of legitimacy, when taken in connection with the pending divorce which was almost contemporaneous with the time of conception, the evidence satisfies any reasonable standard. Certainly it is most uncommon for people who have a divorce suit pending to have sexual relations. In this case the divorce suit was instituted by the husband, which indicates a degree of estrangement which makes continued sexual relations highly unlikely. Taken in this context the evidence of non-access takes on a much greater significance”.
 

 
 *68
 
 The law governing appeals of this nature is well settled. In a criminal prosecution, the test of the sufficiency of the evidence is whether, accepting as true all the testimony upon which a verdict could properly have been based, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged:
 
 Commonwealth v. Bradford,
 
 200 Pa. Superior Ct. 216, 188 A. 2d 809. We held in
 
 Commonwealth v. Jainnini,
 
 198 Pa. Superior Ct. 144, 181 A. 2d 879, that the fathering of a child by a married woman is within the purview of Section 506 of The Penal Code. Although nonaccess may not be testified to by either husband or wife in order to overcome the presumption of legitimacy, a wife is competent to prove the fact and time of her marriage, her separation from her husband, the date and place of birth of her child, the fact of access by the defendant, her own adultery, and any other independent facts affecting the question of legitimacy, even though some of these facts may result in establishing illegitimacy:
 
 Cairgle v. American Radiator and Standard Sanitary Corp.,
 
 366 Pa. 249, 77 A. 2d 439.
 

 The presumption of legitimacy stands until met with evidence which makes it clearly appear that the husband was not the father of the child:
 
 Commonwealth v. Carrasquilla,
 
 191 Pa. Superior Ct. 14, 155 A. 2d 473. However, in the words of Judge Cunningham in
 
 Commonwealth v. Levandowski,
 
 134 Pa. Superior Ct. 477, 4 A. 2d 201, appellant’s “proposition that the Commonwealth was not entitled to have this case submitted to the jury if there was a possibility of access, no matter how remote, is no longer the law. In the colorful language of Mr. Justice Cardozo . . . the 'rule of the four seas’ was 'exploded’ two centuries ago. The modern rule ... is that 'countervailing evidence may shatter the presumption [of legitimacy] though the possibility of access is not susceptible of exclusion to
 
 *69
 
 the point of utter demonstration’. Legitimacy is not to be sustained ‘by a sacrifice of probabilities in a futile quest for certainty’ ”. See also
 
 Commonwealth v. Gants,
 
 128 Pa. Superior Ct. 97, 193 Atl. 72;
 
 Commonwealth v. Barone,
 
 164 Pa. Superior Ct. 73, 63 A. 2d 132;
 
 Commonwealth v. Becker,
 
 168 Pa. Superior Ct. 69, 76 A. 2d 657;
 
 Commonwealth v. Cicerchia,
 
 177 Pa. Superior Ct. 170, 110 A. 2d 776;
 
 Commonwealth v. McMillen,
 
 178 Pa. Superior Ct. 581, 115 A. 2d 816.
 

 In the
 
 Carrasquilla
 
 case, supra, we reversed a conviction because the evidence as to the husband’s non-access was unsatisfactory. In the case at bar, however, we are convinced that the evidence was sufficient to show beyond a reasonable doubt that the husband did not have access to the wife during the period of conception. As aptly stated in the opinion below: “It is against all probability that a husband who lives in Bristol and who has instituted a suit for divorce against his wife who lives in Philadelphia, would have relations with her at about the time the final decree is to be entered. Under such circumstances the testimony of the father with whom the prosecutrix lives, and the other relatives who frequently visited at the prosecutrix’ home, that they never saw her husband with her during the period that conception took place takes on greatly added weight. To hold that the presumption of legitimacy was not overcome in this case would not only be contrary to all experience but would be contrary to ordinary common sense”.
 

 Judgment affirmed.