Commonwealth *v.* DiBonaventure, Appellant.

Argued June 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*James M. Potter,* with him *Liever, Hyman & Potter,* for appellant.

*Leon A. Miller,* Assistant District Attorney, with him *W. Richard Eshelman,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 16, 1965:

Appellant was convicted of fornication and bastardy after a jury trial in Berks County. His motions in arrest of judgment and for a new trial were denied and sentence was imposed on both charges.

Only one argument is advanced by the appellant which has merit. Appellant argues that the Commonwealth has not produced sufficient evidence to show nonaccess by prosecutrix's husband to overcome the presumption of legitimacy of the child arising from the fact that the prosecutrix was married to someone other than appellant when conception took place. For that reason, he says, he cannot be convicted of bastardy.

The law in this type of case is clear. As Judge WRIGHT, speaking for this court in *Commonwealth v. Carrasquilla*, 191 Pa. Superior Ct. 14 at 16, 155 A. 2d 473 (1959), said: " 'The presumption of legitimacy is one of the strongest known to the law. It stands until met with evidence which makes it clearly appear that the husband cannot be the father of the child. . . . So strongly does the policy of the law favor legitimacy that neither husband nor wife may testify as to nonaccess. . . .' While non-access need not be proven absolutely . . . the evidence to overcome the presumption of legitimacy must be 'clear, direct, satisfactory and irrefragable.' "

In this case the Commonwealth established that the prosecutrix and her husband separated in 1958 and were divorced on May 13, 1962. The prosecutrix testified that she had intercourse with the appellant and with no one else from June to December, 1961, two or three times a week. The baby was born on September 19, 1962. The appellant did not testify. Since the prosecutrix was still married at the time of conception, the Commonwealth was required to assume the burden of rebutting the presumption of legitimacy by sufficient competent proof to sustain a finding beyond a

reasonable doubt of nonaccess by her husband. *Commonwealth v. Gantz,* 128 Pa. Superior Ct. 97, 193 Atl. 72 (1937). Whether it meets this burden depends, of course, on the particular facts of each case.

In this case testimony given by the Commonwealth's witnesses tended to show that prosecutrix's husband was living, during the crucial time, in a small town four or five miles from prosecutrix's home. Prosecutrix testified that she lived in an apartment in a small apartment building which contained two or three other occupied apartments.

The testimony on nonaccess was limited to that of the prosecutrix's sister and sister-in-law. Neither lived with the prosecutrix. At the time of conception and prior thereto one lived two blocks away and the other lived a mile away. Each witness testified that she visited prosecutrix two or three times a week and never saw prosecutrix's husband there. This evidence of nonaccess does not equal that in *Commonwealth v. Levandowski,* 134 Pa. Superior Ct. 477, 4 A. 2d 201 (1939), relied on by the court below. In *Levandowski,* a brother of prosecutrix, who lived with her, and a sister of prosecutrix, who visited prosecutrix almost daily, testified that they never saw her husband at her house. While it is true that nonaccess need not be shown by absolutely excluding the possibility of access, it must be shown beyond a reasonable doubt. The testimony in this case leaves far too much unexplained to justify a finding of nonaccess. The presumption of legitimacy cannot be overcome by such meager testimony.

The evidence in this case was insufficient to sustain the charge of bastardy. However, there was adequate evidence of intercourse to sustain the charge of fornication and no trial errors require a new trial.

Judgment of sentence on fornication is affirmed.

Judgment of sentence on bastardy is reversed and the charge dismissed.

DISSENTING OPINION BY WRIGHT, J.:

The factual situation in the case at bar differs from that in *Commonwealth v. Carrasquilla*, 191 Pa. Superior Ct. 14, 155 A. 2d 473, cited by the majority. This appeal is governed by our subsequent decision in *Commonwealth v. Fletcher*, 202 Pa. Superior Ct. 65, 195 A. 2d 177, which is not cited by the majority. I have some familiarity with these two cases since I wrote the opinion in each. In the case at bar I agree with Judge BERTOLET that the evidence in the record was sufficient to go to the jury. I would therefore affirm the judgment.

ERVIN, P. J., and FLOOD, J., join in this dissenting opinion.