■■■■ ■■■■

B., PLAINTIFF-APPELLANT, v.
O., DEFENDANT-RESPONDENT.

Argued May 8, 1967—Decided July 25, 1967.

*Mr. Foster M. Voorhees, III* argued the cause for appellant (*Messrs. Wicoff & Voorhees,* attorneys).

*Mr. John W. Devine* argued the cause for respondent (*Messrs. Pellettieri & Rabstein,* attorneys; *Mr. John W. Devine,* on the brief).

The opinion of the court was delivered by

PROCTOR, J. This case arises under *N. J. S. A.* 9 :16--1 *et seq.* (*Chapter* 16) which provides for the support and education of children born out of wedlock. Plaintiff alleged that defendant was the natural father of her infant twin sons. The Hamilton Township Municipal Court dismissed the claim. The Mercer County Court affirmed the dismissal on the ground that plaintiff was a married woman living in Pennsylvania when the children were conceived and born, and under Pennsylvania law a woman could not sue to bastardize children conceived or born during her marriage. On this finding of Pennsylvania law the County Court believed that the holding of *Kowalski v. Wojtkowski,* 19 *N. J.* 247 (1955) required a dismissal of plaintiff's complaint for lack of juris-

diction. We certified plaintiff's appeal on our own motion prior to argument in the Appellate Division.

The parties have stipulated certain facts: 1) that the plaintiff was a resident of Bucks County, Pennsylvania at the time of the conception and birth of the twins and at the time when this action was instituted;[1] 2) that the twins were born in Bucks County, Pennsylvania and lived there with their mother at the time this suit was instituted; 3) that the defendant has at all times been a resident of New Jersey but that his employment took him to Bucks County, Pennsylvania, five days a week; 4) that the twins were born on December 23, 1963; 5) that plaintiff's marriage to one B. was terminated by decree of divorce by the Court of Common Pleas, Bucks County, Pennsylvania on December 24, 1963, one day after the twins were born; and 6) that B. is listed on the Pennsylvania birth certificates of the twins as the father. Also, the parties stipulated that on this state of facts the substantive law of Pennsylvania was controlling.

 New Jersey statutory law gives every child the right to be supported and educated by his natural mother and father. *Chapter* 16 of *Title* 9 expressly extends this right to children born out of wedlock:

"A child born out of wedlock shall be entitled to support and education from its father and mother to the same extent as if born in lawful wedlock." *N. J. S. A.* 9:16-2.

An action to enforce this right need not be brought by a governmental agency; rather, one parent can sue the other, or the person having custody of the child may sue one or both parents:

"Proceedings to enforce the obligations imposed by section 9:16-2 of this Title may be maintained by one parent against the other, or by the person having physical custody of the child, or, if the child

---

[1] By affidavit submitted to us subsequent to oral argument plaintiff said that she has since moved to Hyattsville, Maryland, where she now resides with her children.

is or is likely to become a public charge, the proceedings may be instituted by the director of welfare of the municipality or municipalities where the father and mother, or either of them, reside. In such proceedings consideration shall be given to the age of the child and the ability and financial condition of the parent or parents. * * *" *N. J. S. A.* 9 :16–3.

This proceeding, although brought by a parent or one having custody, plainly is for the benefit of the child. *Kopak v. Polzer,* 4 *N. J.* 327, 331 (1950). If the suit is by the mother against the natural father, she need not have a legal settlement in the county to bring the action. *M. v. F.,* 60 *N. J. Super.* 156, 162 *(App. Div.* 1960) and *Jessen v. DeBernardo,* 52 *N. J. Super.* 227 *(Juv. and Dom. Rel. Ct.* 1958). The legitimacy of a child conceived by a married woman, though strongly presumed, may be rebutted. *Wallace v. Wallace,* 73 *N. J. Eq.* 403 *(E. & A.* 1907) ; *In re Rogers' Estate,* 30 *N. J. Super.* 479, 485–486 *(App. Div.* 1954). Of course, a proceeding under *Chapter* 16 would not preclude the rights of the husband who is not a party to it. *Cf. In re Adoption of K,* 92 *N. J. Super.* 204 *(Cty. Ct.* 1966).

■ The determinative factual issue in a suit brought under *Chapter* 16 is whether defendant is the natural father. If so, his duty to support and educate under New Jersey law is the same regardless of legitimacy.

■■ Defendant here claims that, even if plaintiff's allegations are true, the action should still not be allowed because it could bastardize the children contrary to the public policy and law of Pennsylvania. Defendant, the party sought to be charged, at all times was domiciled in New Jersey; and this in itself seems a sufficient basis for adjudicating his duty of support under New Jersey law. See *Restatement, Conflict of Laws* § 457(b) and Comment (a), *pp.* 546–547 (1934). However, accepting the stipulation of the parties that the substantive law of Pennsylvania applies, we find no reason to bar the present action. Pennsylvania does not conclusively hold children born to a married woman to be legitimate; rather, it creates a strong rebuttable presumption of legitimacy and

forbids either the married woman or her husband to testify directly as to non-access. *Cairgle v. American Radiator & Standard San. Corp.,* 366 *Pa.* 249, 77 *A.* 2d 439 *(Sup. Ct.* 1951) ; *P. L.* 587 (July 13, 1961), 28 *P. S.* § 307.5 (blood test evidence can overcome presumption of legitimacy of child born during wedlock).

■■ In *Kowalski v. Wojtkowski,* 19 *N. J.* 247 (1955), a 4–3 decision on which defendant relies, the majority refused to hear the suit under *Chapter* 16 of a woman against a putative father because she was married and domiciled in Florida when conception occurred, and the majority determined that Florida law denied a woman standing to sue in that state to illegitimize children conceived during her marriage. This still seems to be the law of Florida. See *Lorenz v. Jiminez,* 163 *So.* 2d 500 *(Fla. Dist. Ct. App.* 1964), *certiorari* denied 172 *So.* 2d 597 *(Fla. Sup. Ct.* 1965). However, Pennsylvania law clearly does not deny a married woman standing to prosecute an action for support for illegitimate children born or conceived during wedlock. *E. g. Commonwealth v. Ludlow,* 206 *Pa. Super.* 464, 214 *A.* 2d 282 *(Super. Ct.* 1966) ; *Commonwealth v. Fletcher,* 202 *Pa. Super.* 65, 195 *A.* 2d 177 *(Super. Ct.* 1963) ; *Commonwealth v. Jainnini,* 198 *Pa. Super.* 144, 181 *A.* 2d 879 *(Super. Ct.* 1962) ; *Commonwealth v. McMillen,* 178 *Pa. Super.* 581, 115 *A.* 2d 816 *(Super. Ct.* 1955). Our *Chapter* 16 uses the phrase "born out of wedlock." Pennsylvania has expressly interpreted a like phrase occurring in its statute to include a child born to a married woman and fathered by a man other than her husband. *Commonwealth v. Shavinsky,* 174 *Pa. Super.* 273, 101 *A.* 2d 178 *(Super. Ct.* 1953). We note further that Pennsylvania has enacted a civil support law which gives illegitimate children the same rights to support from their parents as legitimate ones. *P. L.* 431 (July 13, 1953) as amended by *P. L.* 872, No. 420 (August 14, 1963) ; 62 *P. S.* § 2043.31 *et seq.;* see *Commonwealth ex rel. Miller v. Dillworth,* 204 *Pa. Super.* 420, 205 *A.* 2d 111 *(Super. Ct.* 1964). Allowing the mother's suit to be heard in New Jersey would not violate the

policy of Pennsylvania. *Cf. Mellk v. Sarahson,* 49 *N. J.* 226, 228–229 (1967).

We hold that plaintiff has standing to prosecute the claim for the support of the twins under *Chapter* 16, and the trial court had jurisdiction to hear the claim.

It may be questioned whether the plaintiff should be limited in her testimony in the present case. In Pennsylvania a married woman cannot testify to non-access by her husband but is competent to prove

"* * * the fact and time of her marriage, the date and place of birth of her child, the name she gave the child, the fact of access, her separation from her husband, her own adultery, where she and the child have lived, who supported the child, and any other independent facts affecting the question of legitimacy, even though some of those facts may result in establishing illegitimacy." *Cairgle, supra,* 366 *Pa.* 249, 77 *A.* 2d, at *pp.* 442–443.

In New Jersey a married woman is competent as to all matters when paternity is at issue including non-access by her husband. *Loudon v. Loudon,* 114 *N. J. Eq.* 242, 245–246 (*E. & A.* 1933) ; *Morgan v. Susino Construction Co.,* 130 *N. J. L.* 418, 420 (*Sup. Ct.* 1943) ; see 7 Wigmore, *Evidence* (*3d ed.* 1940) §§ 2063–2064. Competency of witnesses is a matter of procedure as to which the law of the forum applies. *Restatement, Conflict of Laws,* § 596, *p.* 713 (1934) ; *Kowalski v. Wojtkowski, supra,* at *p.* 268 (dissenting opinion : issue of competency to testify not decided by majority) ; *cf. Marshall v. Geo. M. Brewster & Son, Inc.,* 37 *N. J.* 176, 180–181 (1962). On the trial of this case the New Jersey rule of competency will apply.

The *Kowalski* case turned on the majority's conclusion that under Florida law a married woman had no standing to sue on the allegation that a man other than her husband fathered her child, and that she should have no better standing in the courts of New Jersey. We note that under this interpretation the child, whose welfare must be the uppermost consideration, may be wholly deprived of support: the New Jersey putative father is immune from the mother's suit,

but the Florida husband can also escape support liability under Florida law by claiming and proving that another man in fact fathered the child. See *Eldridge v. Eldridge,* 153 *Fla.* 873, 16 *So. 2d* 163 (*Fla. Sup. Ct.* 1944). This harsh result seems out-of-touch with contemporary views of family law. See Ehrenzweig, "The 'Bastard' in the Conflict of Laws — A National Disgrace," 29 *U. Chi. L. Rev.* 498 (1962). It is contrary to the statutory objective of *Chapter* 16 of requiring every father to provide adequate support and education for his children even when born of his adultery with a married woman. The holding of *Kowalski,* insofar as it conflicts with our decision here, is expressly disapproved.

Although the parties stipulated that the substantive law of Pennsylvania should apply, plaintiff did not seek relief under the Pennsylvania Civil Support Law (62 *P. S.* § 2043.31 *et seq.*), so we need not decide whether such a claim could be maintained in the courts of this state. See *Pennhurst State School v. Estate of Goodhartz,* 42 *N. J.* 266, 271–272 (1964).[2]

Reversed and remanded to the Mercer County Court for trial on the merits.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and HALL—5.

*For affirmance*—None.

---

[2] After oral argument in this case defendant stipulated that if the present suit were dismissed, he would accept service in Pennsylvania. However, he has offered no reason—and none appears in the record —to show that Mercer County, New Jersey, which is only a short distance from Bucks County, Pennsylvania, would be an inconvenient place for the litigation.