# Commonwealth ex rel. Burk *v.* Burk, Appellant.

Argued September 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*James R. Gailey, Jr.,* for appellant.

*Lewis Markowitz,* with him *Markowitz, Kagen & Griffith,* for appellee.

OPINION PER CURIAM, November 14, 1968:
Order affirmed.

---

CONCURRING OPINION BY SPAULDING, J.:
This is an appeal by Walter Burk, appellant, from the order of the court below requiring him to support his minor child.

Appellant and his wife, the mother of the minor child, separated September 12, 1966, and were divorced March 17, 1967. The child was born August 3, 1967, 329 days after September 8, 1966, the date on which the lower court found that the parties last engaged in intercourse.

Appellant contests his paternity of the child. He contends appellee has not shown by competent medical testimony that the child could have been born after a gestation period of 329 days and consequently she has failed to establish his paternity. The average or "normal" gestation period for a child is 270 to 280 days after fruitful coitus. *Commonwealth v. Young,* 163 Pa. Superior Ct. 279, 60 A. 2d 831 (1948). Although in *Commonwealth v. Young, supra,* this Court stated in dicta that pregnancy has in certain instances extended to 334 days after coitus, 312 days has been the longest gestation period in which the paternity of the putative father has been held to be established. *Commonwealth v. Watts,* 179 Pa. Superior Ct. 398, 116 A. 2d 844 (1955).

While I concur in affirmance of the order of the court below, this order is not the establishment of a precedent that paternity may be proven by the showing of a pregnancy lasting 329 days after intercourse.

The child whom the appellant has been held liable to support was conceived during appellant's marriage to the appellee. Under these circumstances, there is a strong presumption that the child was legitimate. *Thorn Estate,* 353 Pa. 603, 46 A. 2d 258 (1946); *Commonwealth v. Carrasquilla,* 191 Pa. Superior Ct. 14, 155 A. 2d 473 (1959). As was pointed out by Judge WOODSIDE in his dissent in *Commonwealth v. Watts,* 179 Pa. Superior Ct. at 402, *supra,* this presumption has a sociological foundation designed to strengthen family relationships and is not for the purpose of establishing the true paternity of children conceived during wedlock.

The court below did not err in taking notice of the medical *possibility* that a child could be born after the gestation period involved in this case. In order to overcome the presumption of legitimacy of the child, it was incumbent upon the appellant, not the appellee, to demonstrate *the degree of probability* that a child would be born after a pregnancy of this length[*] or to prove by competent medical testimony the improbability or impossibility that the child in this case was born after a gestation period of 329 days. This appellant has not done and I would affirm the order of the court below.

---

[*] Although Judge WOODSIDE suggests in his dissent in *Commonwealth v. Watts, supra,* that fewer than one child in one million is born after a gestation period of 312 days, I do not express an opinion on whether there is the certainty and unanimity of medical opinion which would permit a trial court to take judicial notice of the degree of probability that a birth may occur after a pregnancy of unusual duration.