Commonwealth *v.* Savage, Appellant.

Argued November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*S. Louis Farino*, for appellant.

*Robert L. Campbell*, Assistant District Attorney, with him *Carol Mary Los*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

Forest Savage (appellant) was charged with fornication and bastardy and was tried by a judge sitting without a jury. The prosecutrix, a married woman, admitted being married at the time of the alleged offense. At trial the Commonwealth proved fornication, and then attempted to show, by testimony of the prosecutrix, that she had not seen her husband for nine years. The trial court sustained appellant's objections to this testimony.

In a further attempt to establish nonaccess, the Commonwealth called the mother of the prosecutrix as a witness. The mother testified that although she did not live with the prosecutrix she visited the prosecutrix a few times a week and never saw her husband. On cross-examination she stated that she did not "think"

he visited the prosecutrix. Other than testimony from the prosecutrix, this was the entire evidence introduced by the Commonwealth to establish nonaccess.[1]

Appellant was convicted of both fornication and bastardy. He made motions in arrest of judgment and for a new trial. Both of these motions were denied. From judgment of sentence this appeal followed.

Appellant's sole contention on appeal is that the Commonwealth has failed to overcome the presumption of legitimacy in that it failed to prove nonaccess by the prosecutrix' husband.[2] This presumption has traditionally been regarded as "one of the strongest known to law. It stands until met with evidence which makes it clearly appear that the husband cannot be the father of the child [citation omitted]." *Commonwealth ex rel. O'Brien v. O'Brien,* 182 Pa. Superior Ct. 584, 587, 128 A. 2d 164, 166 (1956), *affirmed,* 390 Pa. 551, 136 A. 2d 451 (1957). "While non-access need not be proved absolutely, [citations omitted] it was said in Thorn Estate, 353 Pa. 603, 46 A. 2d 258, that the evidence to overcome the presumption of legitimacy must be 'clear, direct, satisfactory and irrefragable'." *Commonwealth v. Carrasquilla,* 191 Pa. Superior Ct. 14, 16, 155 A. 2d 473, 475 (1959); *accord, Cairgle v. American Radiator and Standard Sanitary Corp.,* 366 Pa. 249, 256, 77 A. 2d 439, 442 (1951) (evidence "must be clear, direct, convincing and unanswerable").

Viewing the evidence in the light most advantageous to the Commonwealth, *Commonwealth v. Carrasquilla,* supra, at 16, 155 A. 2d at 475, it is clear that the testi-

---

[1] The court below did not rely on any statement made by the prosecutrix concerning nonaccess. The court said that "every time the Commonwealth attempted to show nonaccess of her husband, even though she be separated from him for a period of nine years, the defendant objected to the testimony. The Court sustained the objections . . . ."

[2] Appellant does not contest his conviction for fornication.

mony of the prosecutrix' mother was not the "clear, direct, satisfactory and irrefragable" evidence necessary to rebut the presumption of legitimacy. The trial court therefore erred in not sustaining appellant's motion in arrest of judgment.

In reaching this conclusion, we do not discuss whether there has been any erosion in the rule prohibiting a husband or wife from testifying as to nonaccess. In *Commonwealth ex rel. Leider v. Leider,* 434 Pa. 293, 254 A. 2d 306 (1969), *rev'g,* 210 Pa. Superior Ct. 433, 233 A. 2d 917 (1967), our Supreme Court specifically did not reach this issue. Until such a determination is made, this Court is bound by the prior decisions of the Supreme Court holding that a spouse's testimony is inadmissible to prove nonaccess.

The order of the court below is reversed and appellant's motion in arrest of judgment is granted.

WATKINS, J., dissents.