PER CURIAM.
The appellee, as plaintiff below, filed an action under the bastardy statute, F.S.A. § 742.01 et seq. seeking to establish that the appellant, defendant below, is the father of her child bom October 18, 1956.
The plaintiff testified that the defendant was the father of her child; that she was divorced on February 21, 1956, from her former husband; but that she became pregnant while she was still married.
The defendant denied having intercourse with the plaintiff and, of course, his contention was that the father of the child was the former husband of the plaintiff.
The facts in this case are very similar to those in the case of Sanders v. Yancey, Fla. App.1960, 122 So.2d 202, 205. In that opinion this court discussed at length the effect of testimony by a mother which would have the effect of rendering illegitimate a child that was conceived and born in wedlock. We, in our opinion, said:
“After a careful consideration of the cases cited herein along with the dictates of sound moral public policy, we conclude the rule in Florida to be that a mother is not permitted to have a child which has been conceived in wedlock declared to be illegitimate. Children which are conceived and born in lawful wedlock are legitimate. Likewise, children conceived during lawful wedlock are not rendered illegitimate by the subsequent dissolution of the marriage by death or divorce before the birth of the child. 4 Vernier American Family Laws, sec. 240. See also section 65.05, Florida Statutes, F.S.A., which provides that a decree of divorce shall not render illegitimate the children ‘born during the marriage’ except when it is rendered upon the ground set forth in sec. 65.03(9) that states where either party had a husband or wife at the time of the marriage sought to be annulled.”
This case is reversed for further action by the lower court not inconsistent with this opinion.
ALLEN, C. J., KANNER, J., and SPOTO, I. C., Associate Judge, concur.