CARROLL, Judge.
By a suit in equity under the Florida Bastardy Act, Chapter 742, Fla.Stat, F.S. A, appellant sought a determination of paternity of a child. This appeal from an order dismissing her complaint presents for determination the question of sufficiency of the complaint.
The act provides in part as follows:
“742.011 Bastardy proceedings; circuit court jurisdiction. Any unmarried woman who shall be pregnant or delivered of a bastard child, may bring proceedings in the circuit court, in chancery, to determine the paternity of such child.
“742.021 Same; venue, process, complaint. — The proceedings shall be by verified complaint filed in the circuit court of the county in which the woman resides or of the county in which the alleged father resides. The complaint shall aver sufficient facts charging the paternity of the child. Process directed to the defendant shall issue forthwith requiring the defendant to file his written defenses to the complaint in the same manner as suits in chancery. * * *»
The allegations in the complaint which appellant’s brief argues were sufficient are quoted there as follows:
“ ‘That your Plaintiff, Ilona Marita Lorenz, is the mother and natural guardian of an infant child, the natural child of the Defendant Marcos Perez Jiminez herein; born March 9, 1962; as more particularly appears from a copy of certificate of birth herein, hereto attached, marked Exhibit A.
‡ ‡ ‡ ‡ &
“ ‘That under and by virtue of Chapter 742 of the Laws of Florida, Plaintiff herein is entitled to a judicial declaration and declaratory decree of this Honorable Court, that the Defendant Marcos Perez Jiminez is the father of said child.’ ”
We can not agree with the appellant, in whose brief it was argued, with reference *502 to the allegations quoted above, that “No more need be shown to establish the sufficiency of the complaint.” The plaintiff alleged only that she was the mother and natural guardian of a child which was the “natural child” of the defendant and that the defendant “is the father of said child.”
The provision of the statute, which requires that “the complaint shall aver sufficient facts charging the paternity of the child,” does not remove the need to allege the facts necessary to the cause of action, but rather makes it necessary to allege those facts which are essential to the right of action asserted. Under § 742.011 it is required that the plaintiff be an unmarried woman and that the child involved be a bastard. Allegations of those material facts were missing. The filed complaint did not reveal the marital status of the plaintiff. Unless the child was born to her out of wedlock, the plaintiff had no cause of action under the statute. Sanders v. Yancey, Fla.App.1960, 122 So.2d 202; Illgen v. Carter, Fla.App.1960, 123 So.2d 368.
Appellant argues that if her complaint is held to be deficient the cause should be remanded with directions to allow the filing of an amended complaint. The record reveals no request made below for leave to amend, or a denial by the chancellor of such a request. While this court in the exercise of its discretion could with propriety direct allowance of amendment on remand, we are not inclined to do so for the reason that the plaintiff attached to her complaint a declaration of trust from which it appears that the defendant has made provision for support of the child, and because other than to allege that the defendant is a man of great wealth the complaint made no showing that his provision for the child through such trust was inadequate or that it was not being performed.
No reversible error having been made to appear, the order appealed from is affirmed.
Affirmed.