## Commonwealth v. Herberg

*Joseph Kleinfelter, Assistant District Attorney,* for Commonwealth.
*John Rogers Carroll,* for defendant.

MORRISON, *J.,* December 15, 1980—At the conclusion of the testimony taken in the above non-jury case, heard on October 21, 1980, the court took the case under advisement and requested memoranda from counsel on the two legal issues raised in the course of the proceedings: The Rule 1100 issue raised by the defense and the Commonwealth's motion to amend the information. We address the Rule 1100 issue first.

The facts are not in dispute. The complaint was filed on March 26, 1979 and 175 days thereafter defendant appeared before the court on September 17, 1979 and waived his rights under Pa.R.Crim.P. 1100 until "the December term of Court." Defendant pleaded guilty to this information, No. 698 C.D. 1979, on December 10, 1979. The court permitted the plea to be withdrawn by order dated May 22, 1980 and docketed July 7, 1980. The same order fixed a trial for August 6, 1980. There was a valid waiver of the rule from September 16, 1979 through December 10. Accordingly, at the time of the entry

of the guilty plea five days remained before the running of the 180 days. The Commonwealth takes the position that even assuming the earlier date of May 22, 1980, Rule 1100(e) would allow 120 days from such date for the commencement of a new trial or approximately August 22, 1980. Counsel for both sides agree that defendant appeared on August 7, 1980 and again on September 22, 1980 and made valid prospective waivers of the running of the rule through October, the trial term when the case was heard. If the court accepts the Commonwealth's position that 120 days should be added to the date from which the court granted a new trial then the matter was clearly heard within the prescribed time period.

The defense counsel argues on the other hand that as of the date of the order—either May 22 or July 7, 1980—the clock immediately began to run on the remaining days which existed at the time the guilty plea was entered. Thus, the defense contends that the Commonwealth was obliged to try defendant within five days of either of the foregoing dates or to file an application for an extension of time for the commencement of trial no later than July 12, 1980.

Thus, the issue is narrowly drawn: Is the granting of a new trial following the withdrawal of a guilty plea analogous to a new trial where the verdict was the result of either a jury or non-jury trial. There is no case law precisely on point.

The language of sub-section (e) relating to the granting of a new trial is silent as to precisely what must have gone before. That is, the rule does not say, for example, that the new trial must be granted as a result of disposition of post-verdict motions, such as a motion for a new trial. Accordingly, the

plain reading of the rule would warrant its application to any situation in which a new trial has been granted.

A recent Pennsylvania Supreme Court opinion seems instructive on the issue. In Com. of v. Manley, _____ Pa. _____, _____, _____ A. 2d _____ (1980), Manley was charged with a number of drug counts. After the trial began a mistrial was declared. The court addressed the issue of whether Rule 1100(e)—which at the time provided "a new trial shall commence within a period of ninety (90) days after the entry of an order by the trial court or an appellate court granting a New Trial"—was applicable to the declaration of a mistrial. The Commonwealth urged that the rule did not apply to a mistrial. The court held otherwise:

"Although perhaps technically correct, the Commonwealth raises a distinction without a substantive difference. Adoption of the Commonwealth's narrow interpretation of Rule 1100(e) would carve an unfair and illogical gap in Rule 1100 coverage. Cf. Commonwealth v. Whitaker, 467 Pa. 436, 359 A. 2nd 174 (1976) the prosecution may circumvent Rule 1100 by the use of a nolle prosequi."

"When confronted with this very issue, the Superior Court has held that there is no substantive reason for treating a trial following a mistrial differently from a new trial following one which went to verdict. Commonwealth v. Legree, 256 Pa. Super 128, 389 A. 2nd 634 (1978). We agree. Id. at page 2, 3."

The rationale of the Legree case as adopted by the Supreme Court is persuasive and we take the position in the instant case that there is no substantive

reason for treating a trial following a withdrawal of guilty plea differently from a new trial following one which went to verdict. Further support for that holding can be found in Rule 1100(b) which provides: "For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial."

On December 10, 1979 when this case was called for trial, the trial was commenced within the meaning of Rule 1100(b). Defendant waived a jury trial and trial by judge and entered a guilty plea, sentencing was postponed, and the trial was concluded.

There is authority under Pennsylvania decisions that a guilty plea, when entered and accepted, is a confession of guilt and "is the equivalent of a conviction and a verdict of guilty by a jury." Com. ex rel. Hough v. Maroney, 425 Pa. 411, 414, 229 A. 2d 913 (1967). It has been similarly stated that "a plea of guilty is just as effective for a conviction as verdict of guilty." Com. v. Jainnini, 198 Pa. Superior Ct. 144, 181 A. 2d 879 (1962).

When defendant was permitted to withdraw his guilty plea he was granted a new trial within the meaning of Rule 1100.

Holding as we do that defendant was granted a new trial, we conclude that he was tried within 120 days as required by the rule and defendant's motion to dismiss based on a violation of defendant's right to a speedy trial is denied. We now turn to the issue of whether amendment of the information should be permitted.

The criminal complaint filed and served in this case charges Dr. Herberg with a violation of section 13(a)(14) of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35

P.S. §780-113(a)(14), which prohibits any medical practitioner from dispensing or delivering a controlled substance unless done in good faith in the course of his professional practice or within the scope of the patient relationship. When the information was subsequently drawn, subsection 30 of the same section was mistakenly charged, namely, the unlawful delivery of a controlled substance by a person not registered under the act: 35 P.S. §780-113(a)(30).

Defendant contends that "the amendment situation is especially aggravated in a case such as this where having been charged on arrest with the section 14 offense, defendant is then made to believe that the Commonwealth knowingly has abandoned this charge and has proceeded to charge defendant in its information with a different crime. It is perfectly clear that the Commonwealth at all times had full knowledge of its ability to charge defendant with the section 14 offense and obviously deliberately chose to charge the section 30 offense. The Commonwealth, thus, clearly misled the defendant to his prejudice into the plain belief that he was to be tried for the subsection 30 violation. It would be unthinkable to allow an amendment after the close of the evidence to change the basic ground rules on which the trial had proceeded to its conclusion."

We disagree and conclude that less drastic relief is appropriate. Pa.R.Crim.P. 229 provides as follows:

"The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment,

the court may grant such postponement of trial or other relief as is necessary in the interest of justice."

Furthermore, in rejecting a defendant's claim of a fatal variance between charges in an indictment (treated in the same way as an information under the rules), the Pennsylvania Supreme Court said in Com. v. Pope, 455 Pa. 384, 391, 317 A. 2d 887, 890 (1974):

"It is well settled that a purported variance will not be deemed fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right."

The situation before us is different from the situation in cases cited by the defense in that the original complaint charged defendant with a clause 14 violation. Defendant was aware of the crime of which he was being accused. He had notice from the time of his arrest that he was being accused of being a licensed medical practitioner dealing illicitly in drugs. The defense cites the Stanley case as the test for when an amendment should be allowed. We adopt the test as applicable to the instant case.

In Com. v. Stanley, 265 Pa. Superior Ct. 194, 212, 401 A. 2d 1166 (1979), the Superior Court spelled out the test for determining whether a proposed amendment results in charging a new defense. The court says that the purpose of Rule 229 is to insure that a defendant is fully apprised of the charges against him, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. The court said:

"In effecting this purpose, the courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. However, if the amended provision alleges a different set of events or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not premitted."

The purpose of the Commonwealth's motion is to revert to the original charge made at the time of the arrest. Both sides agree that at the time of the alleged offense defendant was a duly licensed physician. It would be absurd for this court to find that the Commonwealth intended to show that he did not have this professional status or that he was misled by the error on the part of the Commonwealth.

The evidence presented at trial was all directed toward the subsection 14 charge in the original complaint, namely, that Dr. Herberg was a licensed practitioner and that he delivered the controlled substances in question outside of the scope of his professional practice.

The defense does not claim surprise; the criminal complaint which was originally provided to defendant, the preliminary hearing on this charge, and the evidence adduced at trial all relate to the section under the act dealing with a practitioner dispensing drugs outside the scope of the patient relationship.

Pennsylvania case law makes clear that it is a fundamental necessity that the accused be informed of the nature of all crimes charged, as well as be given the opportunity to present a defense to those charges.

We hold that the Commonwealth may amend the information in the present case.

## ORDER

And now December 15, 1980, defendant's motion to dismiss for failure to prosecute within the time alloted under Rule 1100 is denied.

Commonwealth's motion to amend is granted. Friday, January 23, 1981 at 9:30 a.m. in court room #3, the court will hear and consider any defense to be offered prior to rendering a verdict.