Commonwealth ex rel. Lonesome *v.* Johnson, Appellant.

336

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles M. Butterworth,* Assistant Defender, and *Vincent J. Ziccardi, Defender,* for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY JACOBS, J., December 11, 1974:

This is an appeal from a lower court order requiring the appellant to pay weekly support for Judith Lonesome's two children, Lavance and Latia. Appellant

contends that because petitioner admitted to relations with other men, she is incompetent to testify as to appellant's paternity of the children. We find that the evidence supports a finding of paternity and therefore affirm the court below.

Judith Lonesome initiated proceedings in this case by filing a petition for support of her two children, Lavance, born May 30, 1970, and Latia, born October 26, 1971, naming appellant as respondent. Appellant denied paternity of the children and requested a civil hearing to determine the matter. At the hearing, petitioner testified that she and Lavance Johnson had been living together most of the time from around September 1969, until January 1973. She also testified that she had had sexual contact with other men in early August 1969, and in early December 1970. Appellant testified that he did not think he was the father of the children because Ms. Lonesome had been seeing men other than himself about the time the children were conceived. However, he admitted that he had lived with her most of the time from 1969 until 1973 and had taken on financial responsibilities in helping to maintain the household, as well as paying hospital bills. The lower court judge expressly found Judith Lonesome the more credible of the two witnesses. He decided the paternity issue in favor of the petitioner and ordered $8.00 a week support for each child.

Appellant maintains that since the petitioner admitted contact with men other than appellant in August 1969 and December 1970, it is impossible for her to know who would be the father of the children. The rule upon which appellant relies is one of long standing in Pennsylvania and has been reiterated time and again in fornication and bastardy proceedings: the admission of other connections around the time when the children are conceived destroys the mother's competency as a

witness to testify to paternity. *Commonwealth v. Boas*, 181 Pa. Superior Ct. 285, 124 A.2d 178 (1956); *Commonwealth v. Rex*, 147 Pa. Superior Ct. 121, 24 A.2d 98 (1942); and " 'a defendant cannot be convicted of bastardy if the child's mother had intercourse with more than one man during the period within which the child could have been conceived.' Commonwealth v. Harbaugh, 201 Pa. Superior Ct. 360, 363, 191 A.2d 844 (1963)." *Commonwealth v. Rankin*, 226 Pa. Superior Ct. 37, 39, 311 A.2d 660, 661 (1973).

Although these venerable rules as stated appear to admit of no exceptions, we will consider them as more flexible guides in connection with the present case. The rules were designed for fornication and bastardy prosecutions which are criminal, whereas in the instant case the appellant elected to proceed civilly. "Where a defendant chooses a civil determination, he will be deemed to have fully waived his jury trial rights and all other protections ancillary to criminal proceedings including the right to have guilt proven 'beyond a reasonable doubt.' " *Commonwealth v. Jacobs*, 220 Pa. Superior Ct. 31, 38, 279 A.2d 251, 254 (1971). In the present proceedings, paternity may be shown by a preponderance of the evidence and a mother's admission of other connections around the time of conception is only a matter to be weighed in the balance by the trier of fact along with all the other evidence.

The facts elicited at the hearing strongly support the lower court's finding. The testimony of the petitioner placed the time of conception most probably in September, and she denied contact with anyone but appellant at that time. Her testimony is disputed on the basis of medical theory espoused by the court in 1948 which would suggest that conception of any child could occur any time within a 3½ month range, and could not be even approximately dated regardless of

the experience of the mother. *Commonwealth v. Young,* 163 Pa. Superior Ct. 279, 60 A.2d 831 (1948). We, however, like the lower court judge, find the petitioner in this case more credible than outdated reports of medical phenomena.

Further evidence supports the lower court's determination of paternity. The hearing judge noted a clear physical resemblance between the two children and the appellant. Both parties testified to living together as a family prior and subsequent to the birth of both children. The appellant proclaimed young Lavance as his son in front of petitioner's family. In addition appellant willingly supported the entire group and paid for Judith Lonesome's hospital bills. We feel that this evidence is more than sufficient to meet the civil standard of proof required to find paternity and enter an order for support in this case.

Order affirmed.

Hoffman, J., concurs in the result.