423 A.2d 1053

**COMMONWEALTH of Pennsylvania ex rel. Beverly M. SPANGLER,**

v.

**Ronald Lee SPANGLER, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 1980.

Filed Dec. 29, 1980.

Petition for Allowance of Appeal Denied May 4, 1981.

Richard A. Umbenhauer, Lancaster, for appellant.

James D. Wolman, Lancaster, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This case arises from a petition filed by Beverly M. Spangler for support for Richard Lee Spangler, her son, under the Pennsylvania Civil Procedural Support Law. The appeal is from an order requiring appellant to pay for the support of the child born on March 17, 1974. Appellant and appellee were married on December 31, 1966, separated on February 14, 1971, saw each other from time to time thereafter, and were divorced by decree dated March 22, 1974. The issue on appeal is whether appellant is the father of the child.

Appellee testified that she had had relations with appellant in July 1973, the approximate time of conception. She also admitted to having had relations at about the same time with two other men. Appellant denied having had relations with appellee at any time after their separation. There was evidence that the wife had made a statement to a Department of Welfare worker on March 26, 1974, 9 days after the child's birth, that she had been having relations with appellant and a boy friend at the time of conception. The lower court heard the testimony, rejected as not credible the husband's denial of having had relations with appellee, and found as a fact that the appellant was the father. We affirm the order of the lower court.

█ The child was born during the marriage and there is a strong presumption of legitimacy. The fact-finder in this case determined that there was access and sexual relations between husband and wife during the period of time when the child was conceived and in those circumstances ruled that "the presumption of legitimacy becomes irrefutable", *Burston v. Dodson*, 257 Pa.Super. 1, 13, 390 A.2d 216, 222 (1978).[1]

█ Appellant argues that the presumption of legitimacy should be given less weight in modern times, because illegitimacy no longer, according to appellant, constitutes a "legal detriment and social stigma." We do not accept this argument, although we recognize that the presumption of legitimacy in any given case might be more or less decisive when all of the circumstances are examined. Certainly in the present case we are satisfied that the preponderance of the credible testimony, plus the presumption, support the finding of legitimacy. We therefore affirm the lower court.

Order affirmed.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I concur in the result reached by the majority. The majority's decision affirming the lower court's finding that Ronald Lee S. is the father of Richard Lee S. and that, therefore, he must pay child support for the child is based on the fact that the child was born during the marriage of appellant and appellee. Pursuant to the time-honored legal presumption that children born in wedlock are legitimate, the majority holds that appellant is the child's father. *Manfredi's Estate*, 399 Pa. 285, 159 A.2d 697 (1960).

1. The lower court also relied upon *Commonwealth ex rel. Lonesome v. Johnson*, 231 Pa.Super. 335, 331 A.2d 702 (1974) where, in a civil proceeding for support, the parties were not married and the court held that the issue of paternity had been proved by a preponderance of evidence, even though the mother had admitted to having had relations with other men during the period of conception.

The parties were legally married at the time conception occurred, although they were divorced approximately one week after the child's birth. The trial court found that there was both access and sexual relations between appellant and appellee during the time the child was conceived, and if the fact finder believes the evidence of access, the presumption of legitimacy becomes irrefutable. *Burston v. Dodson*, 257 Pa.Super. 1, 390 A.2d 216 (1978).

The lower court also found Mrs. S.'s statement to a welfare caseworker that she had had sexual relations with her husband—although she also stated she had also had sexual relations with several "boyfriends"—around the time of conception to be credible, and rejected as not credible Mr. S.'s denial of having had sexual relations with his wife. The majority concludes that the preponderance of the credible testimony, plus the presumption [of legitimacy], support the finding of legitimacy."

It is true that as an appellate court we must defer to the trial court's appraisal of the witnesses' credibility. *Burston v. Dodson*, supra, 257 Pa.Super. at 14, 390 A.2d 216 (1978). It is equally well established that if the court below believes the evidence of access, the presumption of legitimacy becomes irrefutable. *Burston v. Dodson*, supra, 257 Pa.Super. 13, 390 A.2d 216 (1978). It is also clear that we will reverse only where the trial court clearly abused its discretion. *Commonwealth ex rel. Harry v. Eastridge*, 374 Pa. 172, 97 A.2d 350 (1953); *Dena Lynn F. v. Harvey H. F.*, 278 Pa.Super. 95, 419 A.2d 1374 (1980).

However, I am troubled by the majority's satisfaction with what it terms "the preponderance of the credible testimony" in this case. While it cannot be disputed that the parties were legally married at the time of conception, that fact appears to be the sole basis for the lower court's finding that the appellant is the father of Richard Lee S. The record is sparse with respect to the access had by appellant during the time period in which conception occurred. Mrs. S. testified that she had been with her husband on several occasions from the period of 1971 to 1973.

More specifically, she stated that she and her husband were together for a two-week period during which she became pregnant. However, she did not substantiate her testimony with any evidence other than the blood test results.

The only witness she presented was her mother who did not know from her own experience that her daughter and appellant had spent time together. She knew only what her daughter told her. The trial judge found this testimony to be hearsay and, therefore, inadmissible as corroborative evidence of appellee's testimony.

The trial court also found as fact that during the period in which conception took place, Mrs. S. had sexual relations with two men other than her husband. However, because this case was brought under a civil statute, the Pennsylvania Civil Procedural Support Law, and is a civil proceeding for support, Mrs. S.'s admission that she had sexual relations with other men during the period of conception is not dispositive, but only evidence to be weighed by the trial judge along with all the other evidence. *Commonwealth ex rel. Lonesome v. Johnson*, 231 Pa.Super. 339, 331 A.2d 702 (1974).

Thus, even though Mrs. S. presented no other evidence than her testimony that she and her husband had had sexual relations during the time conception occurred, and the results of blood tests which did not exclude appellant as the father of the child; and even though the lower court found as fact that during the crucial period of conception, Mrs. S. had also had relations with several other men, including "her boyfriend," the trial court concluded that Mr. S. is the child's father.

I find the lack of affirmative evidence presented on behalf of Mrs. S.'s position to be sufficient to bring into question the finding of the lower court that appellant is the child's father. It is clear that the trial court had less evidence upon which to base its decision than was present in decisions similar to the instant case. In *Commonwealth ex rel. Lonesome v. Johnson*, supra, the court noted a clear resemblance between the children in question and the father. Other

cases have established paternity where the mother and putative father have engaged in sexual relations to the exclusion of the female-plaintiff's husband. See, *Commonwealth v. Levandowski*, 134 Pa.Super. 477, 4 A.2d 201 (1939); *Commonwealth v. Fletcher*, 202 Pa.Super. 65, 195 A.2d 177 (1963); *Commonwealth v. Ludlow*, 206 Pa.Super. 464, 214 A.2d 282 (1965).

In the instant case, the evidence presented on Mrs. S.'s behalf is sparse. However, I must concur with the majority in affirming the lower court's decision because appellant has failed to meet his burden of proof as a matter of law and, therefore, he cannot prevail in this appeal. Appellant's burden of proof was established in *Cairgle v. American Radiator and Standard Sanitary Corp., et al.*, 366 Pa. 249, 77 A.2d 439 (1951), where the Pennsylvania Supreme Court stated: "In order to successfully rebut the presumption of legitimacy, the evidence of non-access or lack of sexual intercourse or impotency must be clear, direct, convincing and unanswerable." Id., 366 Pa. at 255, 77 A.2d 439.

We have stated in *Burston v. Dodson*, supra, in clarification of the *Cairgle*, supra, standard:

... "unanswerable" ... cannot be read literally, for to be "unanswerable" the possibility of access *would* have to be "completely excluded." This would impose a greater burden of proof than required in a criminal proceeding. Instead, "unanswerable" must be read as meaning "exceedingly strong" or "overwhelming," i. e., more than proof that is clear and convincing but not so much more as to exclude every possibility.

Id. 257 Pa.Super. at 12, 390 A.2d 216.

While "unanswerable" is not to be read as excluding every possibility, the burden of proof placed upon appellant-husband by this standard is such that to successfully rebut the presumption, more evidence than that presented by appellant in the court below must be presented if appellant is to prevail in his appeal.

Although it is true that Mrs. S. did not present any evidence with respect to access besides her testimony, it is

equally clear that Mr. S. did not present any evidence with regard to nonaccess other than his testimony in which he denied having had sexual relations with his former wife. Certainly, the evidence was not "clear, direct, convincing and 'unanswerable'," as required by *Cairgle*, supra. The lower court did not find Mr. S.'s testimony to be credible, and we do not find it abused its discretion in its determination. For this reason, I must concur in the result reached by the majority and affirm the decision of the lower court.[1]

---

1. The majority has addressed appellant's argument that the presumption of legitimacy should be given less weight in modern times. I disagree with the majority's decision to address this contention because this issue was not raised in the court below, and, therefore, I deem it not properly preserved for appellate review. *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).