## Lucarini v. Miles

*Sanford Finder,* for prosecutrix.
*Phillip Binotto,* for defendant.

SWEET, *P.J.*, August 16, 1982—It seems to me in this bastardy case that Kenneth Miles, defendant, has admitted that he had sexual intercourse with the mother within the dangerous period. This child was probably conceived between June 10, 1978 and August 10, 1978.[1] Defendant took the witness stand

---

1. If we subtract 273 days from the date of birth we get July 10, 1978 as the date of likely conception; the doctor is said to have chosen June 24, 1978, I suppose by history and examination.

and admitted having sexual intercourse with her during that period. The woman testified that he had sexual intercourse with her during that period, although they did not agree as to all the details.

There was one other candidate for putative father, but he was excluded by evidence of a HLA test which was negative as to him.

Defendant, in his brief says, "We also have the testimony of Defendant that he had only one normal sexual act with Plaintiff. The Court is faced with the highly unlikely probability that this one act could have resulted in conception."

It is always one act which has resulted in conception.

Mr. Binotto argues that, ". . . historically blood tests have been an exclusionary tool rather than a positive tool to establish paternity."

We are using the HLA test in an exclusionary role here. It excluded the other candidates.[2]

Defendant objected that the HLA technician was not actually here. If I were using the HLA test against defendant, his objection would be apt; here only the facts that (1) the test was administered to another person and (2) such person was excluded, were admitted. This was done by defendant's own interrogatories. Under such unusual circumstances this does not seem to be error.

Defendant is particularly aggrieved by the failure of the court to regard an episode of alleged voluntary deviate sexual intercourse between these two parties at their first meeting as being totally destructive of the prosecutrix's credibility and a nonvirginal act. The idea evidently is that she was too lewd to be truthful. Lewdness is not a ground to attack credibility. This activity if it occur-

2. See Act of July 9, 1976, P.L. 586 42 Pa.C.S.A. §6131 et seq.

red at all, could not have resulted in conception so it is really irrelevant.

In Commonwealth ex rel. Lonesome v. Johnson, 231 Pa. Superior Ct. 335, 331 A. 2d 702 (1974), defendant's complicity was established and the other man's noninvolvement demonstrated by much weaker proof than here, yet the Superior Court said, "In the present proceedings, paternity may be shown by a preponderance of the evidence and a mother's admission of other connections around the time of conception is only a matter to be weighed in the balance by the trier of fact along with all the other evidence."

They created a semi-exception to the rule that if she had intercourse during the critical period, she could not name the father. Now that we have the HLA test which is so specific, I expect this exception will be cited often. If an ordinary blood type test had exculpated the other man and defendant had admitted his intercourse with her, the result would be the same.

Defendant being the only possible father under the testimony, we now find as a fact that he is and is therefore required to establish a support order for this child.

## ORDER

The proof is that she makes $11,260 a year. He makes $19,416 a year working for Koppers Company. It seems appropriate under the circumstances since defendant has no other children to support and is, at the moment, unmarried,[3] to make an order in the amount of $100 a month for the support of this child.

---

3. He does make some voluntary contributions to assist his mother.