Jane A. MAGUIRE

v.

Otis R. BOWEN, Secretary of Health and Human Services.

Civ. A. No. 85–6819.

United States District Court.
E.D. Pennsylvania.

May 30, 1986.

Wayne Crombie, Norristown, Pa., for plaintiff.

Barbara Gerolamo, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This action was brought pursuant to 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health and Human Services which determined that Cynthia L. Maguire, born out of wedlock, is the child of Randolph W. Maguire, deceased, under the provisions of the Social Security Act, making the child eligible for child's insurance benefits upon the deceased wage earner's record under 42 U.S.C. §§ 402(d) and 416(e), (h) of the Social Security Act. The plaintiff is the surviving wife of the deceased wage earner, and the mother of the three children born of that marriage (Tr. 14).

Presently before the court are cross-motions for summary judgment. For the reasons which follow, the motion of the plaintiff is granted and the motion of the defendant is denied.

On July 27, 1981, the plaintiff filed an application for surviving child's insurance benefits on the account of her deceased husband, Randolph W. Maguire ("deceased wage earner") for the three children born of their marriage (Tr. 233). Thereafter, on April 4, 1983, Cynthia Louise Hutwagner (Hutwagner), on behalf of her daughter, Cynthia, also applied for child's insurance benefits on the account of the deceased wage earner (Tr. 241–246), claiming that Cynthia's father was the deceased wage earner (Tr. 248). The Social Security Administration determined that Cynthia was entitled to benefits on the deceased wage earner's account and accordingly notified plaintiff that as a result of Cynthia's entitlement to benefits, the benefits being paid to plaintiff's children were subject to a reduction in amount (Tr. 249–254).

Plaintiff challenged the Administration's determination that Cynthia was entitled to benefits, and the matter was reviewed by an Administrative Law Judge ("ALJ") (Tr. 255–257). The ALJ determined that Cynthia was entitled to child's insurance benefits on the deceased wage earner's account (Tr. 12–18, 259–261). Plaintiff sought further review of the ALJ's decision and the Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Secretary (Tr. 6–7).

## SCOPE OF JUDICIAL REVIEW

Title 42 U.S.C. § 405(g) provides that the findings of the Secretary as to any fact shall be conclusive if supported by substantial evidence. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 142 (1971), quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206,

216–17, 83 L.Ed. 126 (1938); *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981). The purpose of our review is limited to determining whether, upon consideration of the record as a whole, there is substantial evidence to support the Secretary's findings of fact. *Goldman v. Folsom*, 246 F.2d 776, 778 (3d Cir.1957). While we recognize the deference to administrative decisions implied in the substantial evidence rule, there is simultaneously a responsibility in a reviewing court to assure that administrative conclusions are rational. *Universal Camera Corp. v. Labor Board*, 340 U.S. 474, 490, 71 S.Ct. 456, 465–66, 95 L.Ed. 456 (1951); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981); *Smith v. Califano*, 637 F.2d 968 (3d Cir.1981). Accordingly, we have reviewed the record and find that the ALJ's decision that Cynthia L. Maguire is the child of Randolph W. Maguire, deceased is not supported by substantial evidence in the record.

In the decision following the hearing held November 29, 1984, the ALJ noted that neither Cynthia's mother, Hutwagner, nor the wage earner were ever married (Tr. 14). In fact, at the time that Cynthia was born, Hutwagner was legally married to John P. Nawn (Tr. 14).

There are two issues of primary concern that stem from the ALJ's determination that Cynthia was the child of the deceased wage earner, Randolph W. Maguire. First, the ALJ found that Cynthia was *not* the "legitimate" product of the valid marriage between Nawn and Hutwagner (Tr. 15–17). He based this determination on evidence of record, testimony and written statements by the parties and their witnesses, and Cynthia's baptismal record from the St. Mary's of the Assumption Church (Tr. 15–17).

The evidence did not substantiate a finding of "illegitimacy." Under Pennsylvania law, when a child is born during a marriage, the child is presumed legitimate. *Com. ex rel. O'Brien v. O'Brien*, 390 Pa. 551, 555, 136 A.2d 451 (1957); *Cairgle v. American R. and S.S. Corp.*, 366 Pa. 249,

256–57, 77 A.2d 439 (1951); *Com. ex rel. Spandler v. Spandler*, 283 Pa.Super. 190, 423 A.2d 1053, 1054 (1980). The presumption of legitimacy is one of the strongest known to the law, and to rebut it, evidence of *non-access*, "lack of sexual intercourse, or impotency must be clear, direct, convincing and unanswerable." *Cairgle*, 366 Pa. at 255–56, 77 A.2d 439. See also: *Com. ex rel. Johnson v. Peake*, 272 Pa.Super. 340, 415 A.2d 1228, 1229 (1979). Additionally, non-access cannot be testified to by a wife to overcome the presumption of legitimacy. *Cairgle*, 366 Pa. at 256, 77 A.2d 439.

Applying the previously stated principles to the case *sub judice*, we find that the evidence presented did not overcome the "presumption of legitimacy." The ALJ's determination that Cynthia Maguire was an illegitimate child, a child *not* of the previous marriage between Hutwagner and John P. Nawn is not supported by substantial evidence. The only evidence considered by the ALJ in making his determination of "non-access" was that of Hutwagner (Tr. 14–15). She testified that she and her husband, Nawn, separated in 1976 —"without further contact" (Tr. 15, 148). This was the only evidence of record regarding access considered by the ALJ (Tr. 15). Based on this self-serving testimony of Hutwagner, the ALJ made a determination that "... [t]he evidence fails to establish that Mr. Nawn had access to Mrs. Hutwagner ..." (Tr. 15). The ALJ's determination of non-access and therefore a determination on Cynthia's "legitimacy" is not substantiated by Hutwagner's meager testimony. Furthermore, the ALJ did not properly allocate the burden of proof in determining the non-access question in finding that "... [t]he evidence *fails* to establish ..." (emphasis added). The ALJ had, in effect, placed the burden of proof on the plaintiff to prove access. That burden was misplaced by the ALJ. It was Hutwagner who had the burden to prove non-access, not the plaintiff to prove access. Hutwagner failed to sustain her burden of proof.

■ Secondly, the ALJ determined that Cynthia was the acknowledged child of the deceased wage earner. The ALJ stated that "[p]ursuant to section 216[h](2)(A) of the [Social Security] Act, a finding as to whether an applicant is the child of an insured individual must be based on the law that, in determining inheritance rights to intestate personal property, would be applied by the courts of the State where the insured individual was domiciled at the time of his death" (Tr. 14). The ALJ incorrectly cited the applicable section of the Act. The proper citation is 42 U.S.C. § 416(h)(2)(A). Since Maguire was domiciled in the Commonwealth of Pennsylvania at the time of his death, Pennsylvania law is applicable. According to § 2107(c) of the Private Estates and Fiduciaries Code (Purdon's PA. Consolidated Statutes Annotated—as amended 1978), "a child born out-of-wedlock shall be considered the child of the father ..."

> (3) If there is clear and convincing evidence that the man was the father of the child, which may include a prior court determination of paternity.

The burden of proving paternity is even heavier with the death of the alleged father. The "... claims of paternity made after the lips of the alleged father have been sealed by death are in that class of claims which must be subjected to the closest scrutiny and which can be allowed only on strict proof so that injustice will not be done." *Estate of Hoffman*, 320 Pa.Super. 113, 466 A.2d 1087, 1089 (1983).

Even the ALJ admitted that the credible evidence presented in the case *sub judice* was scant (Tr. 15–17). The ALJ considered the witnesses' statements "conflicting and self-serving testimony" (Tr. 15). The baptismal record of Cynthia Maguire from the St. Mary of the Assumption Church and its supporting testimony was determined by the ALJ to be the only credible evidence (Tr. 15–17, 313). In actuality, it was the traditional documentation and upkeep of the records by the Rev. Emil C. Oestreich of that church, that the ALJ considered credible (Tr. 15–17, 313, 323). The documentation and upkeep of baptismal records was the primary evidence used by the ALJ in making his determination of paternity (Tr. 16–17). According to the statement made by Reverend Emil Oestreich, the records allegedly contained the paternal father's name only if the man attended the baptismal or contacted the Father beforehand (Tr. 16–17, 289). Howevver, Father Oestreich's practice regarding the upkeep of the records (Tr. 313–323) does not represent an infallible system of determining paternity. This is especially true since Father Oestreich, in his written statement, had no independent recollection of the Cynthia Maguire baptism, nor could he recall if the father of the child attended (Tr. 289).

■ The Sexton of the church, Joseph Rothwein, testified, but none of his testimony supports the conclusion of the ALJ concerning the baptismal records (Tr. 46–53). The baptismal record, in and of itself, may be highly credible as documents of baptism, but it is not clear and convincing evidence of paternity in this case. There is no testimony that the deceased wage earner was present at the ceremony, that he ever acknowledged to be Cynthia's father, and that he ever provided support for her.

Applying the previously stated principles to the case *sub judice*, we find that the ALJ's determination that Cynthia Maguire is the child of Randolph W. Maguire, deceased, is not supported by substantial evidence, nor by the provisions of 42 U.S.C. § 416(h)(2)(A). We, therefore, find that Cynthia Maguire is not the child of Randolph W. Maguire, deceased.

### ORDER

The motion of the defendant for summary judgment is DENIED.

The motion of the plaintiff for summary judgment is GRANTED.

Judgment is entered in favor of the plaintiff and against the defendant, the court finding that Cynthia L. Maguire is not the child of Randolph W. Maguire, deceased.

This case is REMANDED to the Secretary for recomputation of benefits for the

three children born of the marriage of the plaintiff and Randolph W. Maguire, deceased, in accordance with this Memorandum Opinion and Order.

IT IS SO ORDERED.